UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


| | | |
|---|---|---|
| RONALD A. BARKER, TDOC #149436, | ) | |
| a/k/a GEORGE N. BAILEY | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-40 |
| | ) | |
| TONY PARKER, Warden, and | ) | |
| STATE OF TENNESSEE | ) | |


## MEMORANDUM OPINION


Acting *pro se*, state prisoner Ronald A. Barker, a/k/a George N. Bailey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is illegally confined under a 2006 Sullivan County, Tennessee Criminal Court judgment for felony failure to appear. Respondents have filed an answer, (Doc. 16), in which they argue that Barker's claims are not cognizable or, alternatively, have been procedurally defaulted. Respondents also have supplied the Court with copies of the state court record, (Doc. 17-Notice of Filing). Barker has replied in opposition, (Doc. 18), maintaining that neither of the respondents' arguments are valid because his claims allege cognizable constitutional violations and because those claims have not been procedurally defaulted.

For the following reasons, the petition will be **DISMISSED**.

# I. Standard of Review

Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the Court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the petition for the writ of habeas corpus, the answer, and the records of the case show conclusively that a petitioner is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). The Court finds no need for a hearing in this matter.

# II. Factual Background

The following factual scenario is taken from the Court of Criminal Appeals' opinions in Barker's cases—*Barker v. State*, 2009 WL 4250433 (Tenn. Crim. App. Nov. 30, 2009), and *Barker v. State*, 2008 WL 440438 (Tenn. Crim. App. Feb. 19, 2008), *perm. app. den.* (Tenn. 2008).[1]

On June 21, 2004, Barker, who had been released on bond at the time, did not attend his scheduled sentencing hearing in the Sullivan County Criminal Court on six drug-related convictions. The trial court sentenced him in absentia and issued a capias

---

[1] Although the 2008 opinion was issued in connection Barker's drug-related convictions, the earlier opinion fills in some details missing from the 2009 opinion.

for his arrest for failure to appear.

Barker was arrested on April 13, 2005, in St. Augustine, Florida, when he was discovered using the identity of a man who had been deceased for some five years. Extradition proceedings were instituted, but Barker resisted, and the Florida Governor's rendition order which had been issued was dismissed by a Florida trial court in April of 2006. Even so, Barker was extradited to Sullivan County that same month, where he entered a plea of guilty to the failure-to-appear charge.

As recounted in the state appellate court's post-conviction opinion, the prosecutor recited the following factual basis for the plea:

> [The petitioner] was convicted at trial on felony drug charges in S47936, and at the time he was on bond. The Court set a probation/alternative sentencing hearing for June 21st, 2004. [The petitioner] failed to appear at that time. His whereabouts were unknown until his arrest in Florida.

> Our investigation into Florida activity of [the petitioner] revealed, and we would have witnesses to support this, that despite the fact that [the petitioner] was in jail on the date that he failed to appear, that being June the 21st, [the petitioner] had been arrested in St. Augustine, Florida, on June 15th, of 2004, approximately a week earlier, and had used the name Robert David Proffitt. [The petitioner] had remained in jail until he was released on June 28th of 2004 under the name of Robert David Proffitt.

> [The petitioner] continued to stay in Florida despite the fact that he had failed to appear for his sentencing. His whereabouts were unknown until investigators in Florida began to investigate the use of Robert David Proffitt's alias by [the petitioner].

3

They eventually located [the petitioner] and he was arrested sometime later on the basis of that investigation. When they arrested [the petitioner] they found that in the home he was staying in were a number of items that showed [the petitioner] had tried unsuccessfully to get a social security card under the name of Robert David Proffitt.

They also interviewed a Susan Dunn who was a girlfriend of [the petitioner], that stated, "After the court date of conviction in Tennessee we left for Florida with the sentencing appearance pending." She went on to state that her boyfriend, [the petitioner], had told police he was Robert David Proffitt because of the warrants in Tennessee and that since his DUI arrest in May of 2004 he had used Robert David Proffitt as his own name.

That, in fact, when the police went to his home to arrest him on April the 13th of 2005 he continued to insist that he was Robert David Proffitt, and it wasn't until his photographs and fingerprints were run that his true identity as Ron Barker [the petitioner] was known. And at that point in time he was taken into custody, not only on their charges but also on our hold for Tennessee.

*Barker v. State*, 2009 WL 4250433, at \*1. As noted, Barker pled guilty to the failure-to-appear charge and, pursuant to his plea agreement, was sentenced to a one-year term of incarceration to be served consecutively to the sentence he received for his earlier drug convictions.

## III. Discussion

In support of his federal petition for habeas corpus relief, Barker contends that he is unconstitutionally detained because his state sentence has expired and also because his counsel gave him ineffective assistance by failing to press the trial court to credit his client's sentence for time he had been confined in Florida. In their

4

response, the Warden and the State read Barker's pleading as asserting two claims of ineffective assistance on the part of his post-conviction counsel and argue that claims of this genre are not cognizable in a federal habeas proceeding. Barker has replied, insisting that he is not making allegations against his post-conviction counsel, but instead against his trial counsel.

A. *Clarifying The Claims*

Barker asserts, as Ground One in the *pro se* pleading, "Expired Sentence." In describing this ground, Barker maintains that he was confined on a warrant for rendition in a jail in St. Augustine, Florida from April 13, 2005, (when he was arrested and charged with felony failure to appear) until April 4, 2006 (when the order of rendition was dismissed). He further maintains that he was then extradited to Tennessee on April 18, 2006. He insists that he should have been given credit on his failure-to-appear sentence for the one year he spent in the Florida jail awaiting disposition of the Tennessee charge. In Ground Two, Barker contends that counsel gave him ineffective assistance by failing to argue that he should have received credit on his sentence for the one year he spent in custody in the Florida jail prior to sentencing.

In his petition, Barker acknowledges that neither ground was raised in the state courts, but attributes that omission to his court-appointed post-conviction counsel, Christopher Stanford, who thought it unnecessary to raise Ground One at that time and

who refused to raise Ground Two.  To further explain his claim, Barker directs the Court to correspondence between the two, copies of which he has incorporated into his habeas petition as pages seven and eight.

In the first letter, Barker inquires as to why counsel failed to mention the fact that he [Barker] had been held pursuant to Governor's warrant for over a year in Florida on the failure-to-appear charge before extradition and why he [Barker] did not receive credit on his sentence for the time he spent fighting extradition—credit to which he was entitled, (Letter, dated Nov. 4, 2008).  Stanford explains, in his answer to Barker's letter, that he "did not mention the year spent in jail on the FTA because Judge Beck did not rule on that issue during the Post Conviction proceedings" and he further explains that he could "only argue on appeal the specific rulings made by Judge Beck and nothing more," (Letter, dated Nov. 14, 2008).

The Court concludes, based on the above recounting, that Barker is alleging these claims: 1) that, conditioned upon his receipt of sentencing credit for time he spent in a Florida jail fighting extradition, his sentence has expired and 2) that his trial counsel gave him ineffective assistance for failing to raise that issue at sentencing. The Court also reads Barker's assertion of the supposed errors of his post-conviction counsel as a claim of cause, for the purpose of overcoming the procedural default which respondents are asserting resulted from Barker's failure to present the claims first to the state courts.

6

B.  *Law & Analysis*

1.  *Ground One*

Whether a state prisoner has a "right to credit for time served before sentencing

is a matter of state law."  *Smith v. Ryan*,  2011 WL 2936020, 4 (D.Del. July 19,

2011).[2]  Interpretation of state statutes lies within the exclusive purview of state courts

since those courts are the final arbiters of state law.  *See Lewis v. Jeffers,* 497 U.S.

764, 780 (1990).  Where state courts have spoken on a matter of state law, it is not the

role of a federal habeas court "to reexamine state-court determinations of state-law

questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  That is what has

happened here—the state courts have ruled on Barker's pretrial jail credit issue.

In *Barker v. Parker*, 2010 WL 3516434 (Tenn. Crim. App. Sept. 9, 2010), a

state habeas corpus action Barker brought in connection with the four drug-related

convictions which underlay his subsequent failure to appear charge, the state appellate

court explained:

> The petitioner was arrested in Florida in 2005 and extradited to
> Tennessee. The trial court then amended the four judgments of
> conviction on May 9, 2006, to reflect that the defendant was not in
> custody until April 18, 2006.FN1

Footnote one reads:

---

[2]  Likewise, pretrial sentencing credits for federal prisoners is a matter of federal
law.  18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329 (1992).

7

The trial court apparently included this explanation <u>to clarify an issue of pretrial jail credits with the Department of Correction</u>. *Ronald A. Barker a/k/a George N. Bailey v. State*, No. E2007–00195–CCA–R3–PC, slip op. at 2–3 (Tenn. Crim. App., Knoxville, Feb. 19, 2008).

*Barker v. Parker*, 2010 WL 3516434, *1 (underscoring added).

Further in *Barker v. Tennessee Dept. of Correction*, 2011 WL 496624 (Tenn. Ct. App. Feb. 7, 2011), a declaratory judgment action filed by Barker to challenge the calculation of his drug-offense sentences, TDOC filed the affidavit of Candace Whisman, Director of Sentence Management Services of TDOC. In the document, Ms. Whisman averred, in relevant part, that "[t]he calculation for [Barker's] sentence reflects 666 days of time not awarded from sentence date of June 21, 2004 to April 18, 2006 as he was a fugitive during this period." *Id*. at *2. The Court of Appeals held that TDOC "correctly calculated Mr. Barker's sentence in accordance with the judgments entered in his criminal case." *Id.* at *1.

Thus, the state court records show that the issue of Barker's pretrial jail credits was addressed and rejected by the state courts, albeit in connection with his drug-related convictions. A decision, which rests entirely state law, generally is not of federal concern. *See e.g., Swarthout v. Cooke*, ⸺ U.S. ⸺, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) (claims which allege a state law error or an incorrect application of state law do not present cognizable issues for federal habeas review).

However, to the extent that a federal claim is hiding in the background and because the claim has been adjudicated, this Court must defer to the state court

decision unless the state court's judgment (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C.§ 2254(d)(1) and (2).

An error of state law is cognizable in a federal habeas corpus proceeding only if it rises to the level of a constitutional violation. *See Estelle*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." )

"[A]s a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentencing absent a state statute granting such credit." *Palmer v. Dugger*, 833 F.2d 253, 254 (11th Cir.1987); *Jackson v. Alabama*, 530 F.2d 1231 (5th Cir. 1976). Tennessee has a relevant statute, Tenn. Code. Ann. § 40-23-101(c), but it does not help Barker because the state courts have held that a prisoner is not entitled to jail time credit for time he spends in another jurisdiction while fighting extradition to Tennessee to answer state criminal charges. *State v. Silva*, 680 S.W.2d 485 (1984) (interpreting Tenn. Code Ann. § 40-3102 , the predecessor statute). Also, Tennessee courts have ruled that a prisoner has no right to sentencing credit for time spent in another state's jail while awaiting extradition to Tennessee because he was a fugitive from justice. *State v. Abbott*, 617 S.W.2d 172 (1981).

Because Tennessee does not have a state statute granting pretrial jail credit to a person in Barker's situation (i.e., one who is resisting extradition and also is a fugitive from justice) and because the sentencing judge considered Barker's pretrial confinement in imposing sentence (on the drug offenses), the Court sees nothing which would rise to the level of a constitutional violation and nothing about the trial court's refusal to award those credits which was an unreasonable application of federal law or which was based on an unreasonable factual determination. Barker is not entitled to relief on this issue.

2. *Ground Two*

In his second claim, Barker maintains that he had ineffective assistance due to his lawyer's failure to argue, at sentencing, the issue concerning pretrial jail credits. Tennessee permits a prisoner to allege, in a post-conviction petition, that his attorney gave him ineffective assistance by failing to argue that his client receive pretrial jail credits. *Dodson v. State*, 2008 WL 852796, 1 (Tenn. Crim. App. Mar. 31, 2008). Barker concedes that this claim was not offered to the state courts, but asserts that the reason for this omission is that his attorney failed to present the issue, alleging (by inference) that the attorney error serves as cause to excuse any procedural default.

Constitutionally ineffective assistance of counsel can serve as cause. *Murray v. Carrier*, 477 U.S. 778, 488 (1986). However, since the failure to raise an ineffectiveness claim would have occurred during post-conviction proceedings and

since Barker had no right to counsel in those proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), any error on the part of his post-conviction attorney cannot serve as cause to excuse a procedural default. *See Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985) ("Of course, the right to effective assistance of counsel is dependent on the right to counsel itself.") (citation omitted); *see also* 28 U.S.C. § 2254(i). Moreover, attorney error cannot serve as cause unless it has first been offered to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). This did not happen here and, accordingly, habeas review of the ineffectiveness claim is barred by Barker's unexcused state procedural default.

Even if the claim were not procedurally defaulted, it fails on the merits. To establish a claim of ineffective assistance, a petitioner must show that counsel's performance was deficient and that the sub-par performance was prejudicial to the defense, so as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687(1984). In order to establish prejudice within the context of a guilty plea, a petitioner must show that there is a reasonable probability that, but for counsel's professional errors, he would not have pled guilty but would have insisted on standing trial. *Hill v. Lockhart*, 472 U.S. 54, 58 (1985). A court's objective prediction of the outcome of a trial, had there been one, is of paramount importance in assessing prejudice. *Id*. at 59-60. Unless there is a likelihood of a successful defense to the charge, no alleged error by counsel is a basis for relief. *Id*.

11

at 59.

The record shows implicitly that pretrial jail credits was in question since the state court explicitly ruled that Barker's custody began on April 18, 2006 (when he was extradited to Tennessee), and that the court did so to "clarify an issue of pretrial jail credits with the Department of Correction." *Barker*, 2010 WL 3516434, at *1. Moreover, the state post-conviction court noted that Barker was "dealing with a deadline on a plea offer that evidently has been sweetened up just the day before, [giving him] sweet crude on a day-before offer," that the "evidence against [Barker] was overwhelming," and that the prosecution had a "slam-dunk factual case" against Barker for failure to appear, (Doc. 17, Addendum 1, Vol. 3, Post-Conviction H'rg T. at 76-77). The Court finds that Barker has failed to rebut, by clear and convincing evidence, these state court findings and they will be presumed correct. 28 U.S.C.§ 2254(e)(1).

Assuming that counsel failed to raise the issue—though counsel's letter, by negative inference, suggests otherwise—and further assuming that this attorney shortcoming can be deemed a deficiency of performance, there was no resulting prejudice. This is so because the issue was resolved against Barker in his drug case and there is no reason for believing that the trial court would have ruled for Barker in sentencing him in the failure-to-appear case.

Considering all the above circumstances, the Court finds that there was no

likelihood of a successful defense to the charge, no chance of better outcome at trial, no reasonable probability that, but for the cited attorney failure, Barker would have gone to trial—indeed, he does not assert that he would have—and no ineffective assistance of counsel which warrants issuance of a writ of habeas corpus.

## IV. Conclusion

Petitioner Barker is not entitled to habeas corpus relief and, for that reason, the writ of habeas corpus will be **DENIED** and this petition will be **DISMISSED**.

The Court must now consider whether to issue a certificate of appealability (COA) should Barker file a notice of appeal, since a petitioner may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Issuance of a COA depends on whether a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits meets the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on a procedural basis, a COA is warranted if jurists of reason would debate the correctness of the Court's procedural ruling. *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

The Court has individually assessed Barker's claims under the relevant standards and finds that those claims do not deserve to proceed further because they are not

viable in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Therefore, no COA will issue because Barker had not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

An appropriate judgment order will enter.


**ENTER**:


s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE